Russell A. Robinson, 163937
Law Office of Russell A. Robinson
345 Grove Street, First Floor
San Francisco CA 94102
Tel:    415.861.4416
Fax:    415.431.4526
rlaw345@gmail.com

Counsel for Plaintiff
**BRUCE E. KRELL**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE E. KRELL,<br><br>　　　　Plaintiff,<br>v.<br><br>CITY & COUNTY OF SAN FRANCISCO, OFFICER BEL GELASIO (#20), OFFICE OF THE TREASURER AND TAX COLLECTOR, RON MEUNIER (#14), OFFICER CHARLES SMITH, OFFICER ADRIAN GIANINI, and DOES 1-40,<br><br>　　　　Defendants.<br>_____/ | No.<br><br>**COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF** |

**JURISDICTION AND VENUE**

　　1.　　This action arises under 42 USC §1983, and other, applicable laws, presenting a federal question. This Court has subject matter jurisdiction of the federal claims and Plaintiff therefore files this action in this Court. As to Plaintiff's state claims, this Court is vested with supplemental jurisdiction; state claims arise from the same, common facts as the federal claims.

　　2.　　The claims alleged arose in and around the City & County of San Francisco, State of California. Therefore, venue is proper in the Northern District of California.

**PARTIES**

　　3.　　Plaintiff BRUCE E. KREll is a long-time resident and real property owner in San

1 Francisco. For over ten years, he has operated a small parking lot as a service to professional
2 workers during the day and to theater and event attendees at night and on weekends.

3 4. Prior to the events at issue, he had never been cited for violations of law arising
4 from his operation of this small parking lot.

5 5. Plaintiff is informed and believes that Defendant CITY & COUNTY OF SAN
6 FRANCISCO is, has been, a municipal corporation organized and existing under the laws of the
7 State of California. Defendant's divisions include the OFFICE OF THE TREASURER AND TAX
8 COLLECTOR (OTTC), are referred to herein as "San Francisco" unless otherwise noted.

9 6. Plaintiff is informed and believes that Defendants OFFICER BEL GELASIO
10 (#20), RON MEUNIER (#14), OFFICER CHARLES SMITH, and OFFICER ADRIAN GIANINI
11 are employed by San Francisco; they are sued in their official and individual capacities.

12 7. Plaintiff is ignorant of the identities of Defendants DOES 1 though 40, and
13 therefore sues such defendants as fictitiously named persons/entities, whose true identities and
14 roles in the events which are the subject matter of this complaint are presently unknown.

15 8. Plaintiff will amend this complaint to identify fictitiously named Defendants and to
16 set forth facts relating to each when same become known to Plaintiff.

17 9. Plaintiff is informed and believes and thereon alleges that each DOE Defendant
18 is legally responsible for events alleged herein which caused injury and damage to Plaintiff.

19 10. In doing acts or omissions alleged, Defendants and each of them were acting in
20 the course and scope of their employment with their respective agencies.

21 11. In doing the acts or omissions alleged, Defendants acted under color of authority
22 and/or under color of law.

23 12. In doing acts or omissions alleged, each Defendant acted as the agent, servant,
24 employee, and/or in concert with each of the other Defendants herein.

**FACTS**

13. Plaintiff is informed and believes that there is, or was at relevant times, an

atmosphere or environment which tolerated favoritism, nepotism, and other unlawful bias, in San Francisco, which was officially ratified, condoned, or created by customs, practices, and policies that existed at relevant times.

14. The *de facto* policy at San Francisco favors persons of privilege, power, and connections.

15. Plaintiff is not politically "connected" within San Francisco, and has never held public office within San Francisco. He has no political power.

16. There exists on information and belief an official, *de facto* policy of discrimination against persons who are not politically connected and/or against persons who complain about or protest unlawful/illegal conduct by City employees.

17. Plaintiff is informed and believes that Defendants, individually or acting in concert, engaged in acts of misconduct and constitutionally-destructive conduct against certain persons in San Francisco. These repeated acts, part of a pattern and practice, did lead to constitutional deprivations complained of herein.

18. Plaintiff is further informed and believes said civil rights violations and or other acts of misconduct included intimidation, denial of due process and equal protection, retaliation, conspiracy to violate civil rights, and/or other misconduct.

19. Plaintiff is further informed and believes misconduct by Defendants included but was not limited to subjecting persons such as Plaintiff to retaliatory actions. As a result, Plaintiff and others were subjected to unequal treatment, civil rights violations, and other misconduct.

20. Plaintiff is further informed and believes that municipal defendants repeatedly failed to take remedial or corrective action despite the pervasive and ongoing malfeasance within their respective offices.

21. Plaintiff is further informed and believes that these are matters of official policy – rooted in an entrenched posture of deliberate indifference to the constitutional rights of persons such as Plaintiff and others similarly situated to be abused.

22. Plaintiff is informed and believes the culture of tolerance which existed and may still exist is rooted in the deliberate indifference of high-ranking municipal officials. Plaintiff is informed and believes as a result of the above and below acts, he suffered violation of constitutional rights because of customs, practices, policies, and patterns, including but not limited to a deliberate indifference.

23. Plaintiff is informed and believes that despite notice of repeated constitutional violations being perpetrated by these employees, Defendants and each of them failed to take appropriate action.

24. Plaintiff is informed and believes as a direct, legal, and proximate result of the acts and omissions alleged above, Plaintiff suffered the loss of constitutional rights and suffered injuries and damages. These losses and injuries were caused, in part, by the unconstitutional yet official, *de facto* customs, policies, practices, and patterns, which were the moving force behind Plaintiff's injuries. Plaintiff is informed and believes unlawful conduct was condoned, encouraged, approved, and/or ratified by Defendants and each of them.

25. Plaintiff is informed and believes that as a result of the above facts, he suffered the violation of his constitutional rights and was injured.

**SPECIFIC FACTS**

26. Beginning in less than two years ago, continuing through at least February 10, 2015, Defendants have refused to issue, and/or unreasonably delayed issuing, Plaintiff's Certificate of Authority (COA) to collect parking fees and taxes at 325 Grove Street in San Francisco ("site" or "lot"). While Plaintiff does not own the real property on which the lot sits, he leases the lot from its owners and operates a small parking lot on that site.

27. Plaintiff posted the required bond before his COA application renewal, and maintained the required records.

28. Problems began about two years ago when Defendant Gianini drove into the site in an un-marked vehicle at 325 Grove Street and refused to stop for Plaintiff's agents. Gianini

*Krell v. C&C San Francisco, et al.*
COMPLAINT FOR DAMAGES AND
FOR INJUNCTIVE RELIEF                                       4

parked his vehicle on the center line dividing two of the parking spaces, meaning that his own vehicle occupied two spaces which had been reserved by theater goers on that busy evening.

29. A confrontation ensued between Gianini and Plaintiff, who by a chance happened to be in the area that evening at around 7:00 p.m. Plaintiff and Gianini argued, and Plaintiff demanded that Gianini move his vehicle off private property. Ultimately, Gianini relented and moved his vehicle, which may or may not have been owned by San Francisco.

30. Thereafter, a pattern of harassment and retaliation ensued.

31. On at least two occasions, persons with the OTTC brought several uniformed members of the San Francisco Police Department, photographed vehicles parked and parking in the small lot, and demanded to count and to see money collected by Plaintiffs' agents. These raids both took place when the lot was busy and theater goers were trying to park, or had parked, in the lot. Clearly, these raids were staged to get maximum shock value and to intimidate persons working for Plaintiff.

32. On other occasions, when citations were issued, these were taped in a very obvious manner, across Plaintiff's door, at 345 Grove Street, highly visible and embarrassing.

33. Throughout the past 18 months, Defendants continued to delay approval of the COA, and then cited Claimant multiple times for the failure to obtain a COA, ostensibly for the failure to post a required bond, failure to maintain records, and other purported violations. The 2014 COA application was eventually approved on February 19, 2015, but the 2015 application has been delayed. On information and belief, approval of the 2015 COA is delayed for specious reasons. One reason may be a citation issued after San Francisco employees literally stormed the lot in force the night of February 10, 2015, and unlawfully searched persons working at the lot, took photographs, harassed members of the public, and otherwise abused their authority.

34. The February 10, 2015, "raid" resulted in a citation, for $2,550 (five violations plus $50 enforcement cost). This citation was purportedly served February 12, 2015, by mail, but not received until February 18, 2015. San Francisco has in place a so-called appeal

process but, with regard to an appeal from one of these retaliatory citations, Plaintiff's agent was told not to bother because the cited violations "could have been worse." Noteworthy is that the sham appeal process remains within the same agency as that which issues the penalty(ies).

35. Plaintiff has been subjected to unequal treatment. Plaintiff was unlawfully harassed.. San Francisco refuses to take appropriate, corrective measures

36. Plaintiff suffered injuries as a result.

**FIRST CAUSE OF ACTION**

**42 USC §1983**

37. Plaintiff incorporates all preceding paragraphs as though set forth fully herein.

38. Plaintiff is informed that, as to Defendants and each of them, each was acting pursuant to official, *de facto* policies and in concert with one another when they injured Plaintiff; the shared objective was to injure the plaintiff and others like him through selective prosecution. The violations included but were not limited to the following:

    A. Right to be free from discrimination and retaliation;

    B. Right to due process; and/or,

    C. Right to Equal Protection of the Law.

39. Said rights are substantive guarantees under the First, Fourth, and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as set forth below.

**SECOND CAUSE OF ACTION**

**42 USC §1983**

40. Plaintiff incorporates all preceding paragraphs as though set forth fully herein.

41. Plaintiff is informed that, as to supervisory Defendants, and each of them, each created, condoned, ratified, or was otherwise responsible for the official, *de facto* policies which were the moving force in causing Plaintiff's damages and injuries. The unlawful practices, customs, and/or *de facto* policies, included but were not limited to the following:

*Krell v. C&C San Francisco, et al.*
COMPLAINT FOR DAMAGES AND
FOR INJUNCTIVE RELIEF        6

D. Discrimination and/or retaliation in enforcement, application processes, and approval;

E. Violation of the right to due process; and/or,

F. Violation of the right to Equal Protection of the Law.

42. Said rights are substantive guarantees under the First, Fourth, and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as set forth below.

## FOURTH CAUSE OF ACTION

### Negligence

### (All Defendants)

43. Plaintiff incorporates all previous allegations as though fully set forth below.

44. Defendants and each of them owed duties to Plaintiff. These included but were not limited to the following duties:

(A) To investigate and to handle the subject matter in a proper manner;

(B) To examine the underlying bases for any claim of non-compliance;

( C) To enforce the laws equally; and,

( D) To permit Plaintiff to operate his lot free from harassment.

45. In doing, and, where applicable, failing to do the acts alleged above Defendants breached the duties owed to Plaintiff.

46. Plaintiff was harmed and damaged, and Defendants' conduct was a substantial factor in causing Plaintiff's harm and damage.

WHEREFORE, Plaintiff prays for relief as follows:

## PRAYER

a. Compensatory damages according to proof;

b. General damages according to proof;

c. Punitive and exemplary damages, as to the individually-named defendants, only;

      d.      For costs of suit and for reasonable attorneys' fees under, *inter alia,* 42 USC section 1988;

      e.      For pre-judgment and post-judgment interest;

      f.      For an order requiring Defendants, all persons acting on behalf of Defendants, and each of them, to do the following:

          1.      To stop all harassing acts aimed at Plaintiff, and others who may be affiliated similarly situated as the plaintiff, such as unfairly seeking termination through the illusory grievance process;

          2.      To retrain each of the individually-named defendants regarding the proper use of authority and the discipline process;

          3.      To issue Plaintiff's 2015 COA, and all subsequent Certificates, provided he is otherwise qualified; and,

          4.      To terminate the individually-named defendant with a history of committing similar acts of malfeasance.

      g.      Such other and further relief as the Court deems just and proper.

Date:  April 22, 2015                  /s/ *Russell A. Robinson*
                                      Russell A. Robinson
                                      Law Office of Russell A. Robinson
                                      Counsel for Plaintiff
                                      **BRUCE E. KRELL**

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial, as is his right.

Date:  April 22, 2015                  /s/ *Russell A. Robinson*
                                      Russell A. Robinson
                                      Law Office of Russell A. Robinson
                                      Counsel for Plaintiff
                                      **BRUCE E. KRELL**

*Krell v. C&C San Francisco, et al.*
COMPLAINT FOR DAMAGES AND
FOR INJUNCTIVE RELIEF                8